AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED
June 21, 2023
Nathan Ochsner, Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

A blue Samsung cellular phone with corresponding IMEI# 359823613640392

Case No. **4:23-mj-1263**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A" and the Affidavit In Support of the Search Warrant

located in the Southern District of Texas, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B" and the Affidavit In Support of the Search Warrant

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
| --- | --- |
| Title 18 USC 1201 | Kidnapping |

The application is based on these facts:
See Attached Affidavit and Attachments A & B

☐ Continued on the attached sheet.

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David Helms, TFO FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Sworn to telephonically *(specify reliable electronic means)*.

Date: 06/21/2023

*Judge's signature*

City and state: Houston, Texas

Hon. Peter Bray, Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| IN THE MATTER OF THE SEARCH OF: A blue Samsung cellular phone with corresponding IMEI# 359823613640392 | Case No. 4:23-mj-1263 |
| --- | --- |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Sgt. David Helms, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Task Force Officer assigned to the Federal Bureau of Investigation (FBI) and have worked as such since August 2022. I am currently assigned to the Houston Police Department, Robbery Division, FBI Violent Crime Task Force (VCTF). During my law enforcement career, I have investigated criminal matters relating to bank and armored truck robberies, commercial business robberies, violent fugitives, kidnappings, and drug trafficking. Through these investigations as well as my previous training, I have become familiar with the patterns of activity kidnapping subjects use and the methods they employ to plan, coordinate, and conduct crimes. Consequently, I am familiar with the ways in which subjects utilize cellular telephones to coordinate these activities. Subjects often communicate using both voice calls and message applications prior to, during, and after the execution of a home invasion in which the complainant is restrained and bound. In many cases, subjects will employ prepaid "burner" phones that cannot be associated with themselves. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other officers, agents, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2. Your Affiant makes this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to locate and identify any information, which is described in Attachment B, on the cellular device, which is described in Attachment A, which is located at the Houston Police Department Property Room, 1202 Washington Ave, Houston, Texas 77002.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that within the cellular device which is described in Attachment A is contained evidence, fruits of a crime, and property intended for use of a crime, specifically violations of 18 U.S.C. §§ 1201.

**PROBABLE CAUSE**

4. Affiant reviewed the offense report written by Officer K. Alexander a reasonable and credible law enforcement officer in the State of Texas. Alexander was dispatched to a home invasion at 10603 Burgoyne, Houston, Harris County, Texas on December 13, 2021 at approximately 1211 hours. Upon arrival Alexander found the complainant, REBECCA STRAUSS (hereinafter STRAUSS) at her residence. According to the original report STRAUSS was met at gunpoint by an unknown male upon entering into her residence through the front door entry way.

5. Affiant spoke to complainant STRAUSS who stated she had gotten her lawn equipment from her detached garage and was tending to her front lawn. STRAUSS told your Affiant that she had left her garage door open. STRAUSS stated that when she went inside her home an unknown male dressed all in black had a gun pointed at her and was demanding money and valuables. STRAUSS stated the UNSUB tore through her house looking for money and property. STRAUSS stated the UNSUB bound her with her Christmas lights and string she believed the UNSUB had pulled from his pocket. STRAUSS stated she feared her life and turned

over the key to her safe. STRAUSS stated the UNSUB took money, her phone, liberty silver dollars, gold bars, a gun, and her last will and testament. STRAUSS stated the UNSUB thanked her for making his 3 children's Christmas so special. STRAUSS stated she was then put in a closet, bound and restrained, in an adjacent bedroom and the UNSUB pushed the bed against the closet to delay her from exiting. STRAUSS stated she believed the UNSUB was communicating on a blue tooth earpiece because when he had collected her belongings in the safe, the UNSUB stated "ready, come pick me up!"

6. Affiant spoke to Det. J. Boyd, a reasonable and credible law enforcement officer, of the Houston Police Department Robbery Division. Boyd told your Affiant he made the scene, and given the complainant's statements authorized the string used to bound the complainant to be tagged at the Houston Police Department property room. In reading the report Affiant found Officer Z. Roberts, a reasonable and credible law enforcement officer, with the Houston Police Department Westside Division tagged the strings used by the UNSUB at the property room. Affiant obtained a known DNA reference sample from the complaint and submitted the strings to the Houston Forensic Science Center for DNA analysis.

7. Affiant canvassed for additional video of the incident. Affiant spoke with two witnesses Michael Stevens of 2407 Blue Willow who stated he observed a black male, approximately 6'00" in height, dressed all in black carrying something in his hands, running from the complainant's residence. Stevens told your Affiant the UNSUB jumped into a black SUV that was backed into a vacant house that was listed for sale. Affiant additionally spoke to Julie Smith of 10603 Ella Lee who stated she observed a black male running from the complainant's house carrying something and believed she was witnessing a porch pirate who just

stole packages from a front porch. Smith told your Affiant the UNSUB jumped into a black SUV and sped off north toward Del Monte.

8. Affiant sent the string off for DNA testing. On May 18, 2023, Affiant received a lab report from the Houston Forensic Science Center stating a moderate stringency match occurred with a partial profile from the string recovered. The CODIS lead showed a link between the string and Jokobai Zanta Linton, B/M, DOB: 8/18/1982 with corresponding FBI# 569500MB4. Further Affiant found JOKOBAI LINTON (hereinafter LINTON) was currently housed at the Harris County Jail on an aggravated robbery stemming from a Home Invasion where the UNSUB entered a home while the complainant was inside, held the complainant at gun point, and demanded property. This was reported to the Houston Police Department under original offense #351996-23. Affiant found during LINTON's most recent arrest his cell phone was tagged at the Houston Police Department property room, a blue Samsung Cellphone with a black case IMEI# 359823613640392. Affiant found the residence in the above listed case was in the same police district within the City of Houston and patrolled by the same officers of the Westside Division. Affiant found LINTON had a listed address of 13702 Richmond Ave #107 Houston, Texas 77082 again on the westside of Houston. Affiant accessed open-source data (CLEAR) and found at the time of the incident LINTON's registered vehicle was a black 2013 Mercedes GL 450 SUV bearing Texas plate RGL7075.

9. Affiant reviewed the number provided for LINTON in Houston Police Department original offense report #351996-23, (346) 227-9593. Affiant found that in January of 2021 that LINTON provided that number to the Houston Police Department under original offense report 15420-21 where LINTON is the complainant. Affiant knows that this number was

associated with LINTON prior to the home invasion Affiant is investigating on December 13, 2021, at 10603 Burgoyne, further that number was provided at the time of his most recent arrest. Affiant spoke with LINTON on May 25, 2023. LINTON was read his statutory warnings and agreed to speak with Affiant. LINTON confirmed his cellular number was (346)227-9593 and he has had that number for a year to a year and a half. LINTON also stated that although he is not a father, he considers his girlfriend's three children to be his own. LINTON stated the youngest child was born in September of 2021. LINTON also stated that when driving he typically is driving with a female friend and documenting it with the use of his cell phone further putting more credence into STRAUSS' statement.

10. LINTON confirmed he had a registered vehicle that was the same style and color at the time of the incident further corroborating the two witness accounts of the incident. LINTON further confirmed he believes himself to be a father figure to his girlfriends three children. LINTON's DNA was present on the string in which STRAUSS was bound and held in a spare bedroom. Affiant knows from his previous kidnappings that seldom do kidnappers act alone. Affiant believes in this instance the LINTON was communicating with the getaway driver lookout throughout the incident.

11. In my training and experience, your Affiant has learned that participants in kidnappings often spend multiple hours or even days conducting surveillance of possible target locations. This includes watching specific locations to determine the patterns of both the residents and visitors. Participants also attempt to identify any security measures in place or identify patterns of law enforcement in the area. Participants will often utilize cellular telephone devices to plan, assist, coordinate, and carry out the kidnapping.

12. Therefore, based on my training and experience, your Affiant believes and has reason to believe that that within the above listed cellular telephones are items and contents of items constituting evidence of a violent criminal offense, items constituting evidence tending to show that a particular person committed a violent criminal offense, and/or property acquired by theft, and instrumentalities of a violent criminal offense.

## TECHNICAL TERMS

13. Based on my training and experience, I use the following technical terms to convey the following meanings:

a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used primarily for voice communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones now offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving videos; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images.

Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

14. The warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule (41(e)(2)(B).

15. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant being sought would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scan of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

**AUTHORIZATION REQUEST**

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41 authorizing the search of the devices as described in Attachment A and Attachment B.

Respectfully submitted,

Sgt. David Helms
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn telephonically on June 21, 2023, and I find probable cause.

Peter Bray
United States Magistrate Judge
Southern District of Texas

# ATTACHMENT A

## Items to be seized:

1. A blue Samsung with corresponding IMEI# 359823613640392

**ATTACHMENT B**

**INFORMATION TO BE SEIZED**

1. Any photographs, video files, text or multimedia messages (SMS and MMS), call history or call logs, and contact information, including but not limited to phone numbers stored in the telephone contained within the items listed in Attachment A.
2. Any and all communications previously received or transmitted, or prepared in contemplation of transmission, including electronic mail or data associated with electronic bulletin board systems, stored on any of the electronic media named above. All electronic communications, including those previously received or transmitted, or held in temporary, intermediate storage incident to transmission, documents, and materials, including those used to facilitate previously received, transmitted, or stored, or prepared in contemplation of transmission, including electronic mail or data associated with electronic bulletin board systems, whether stored on any of the electronic media named above or held in temporary, intermediate storage incident to transmission to the individuals or premises with the scope of this application.
3. Such electronic data in the form of electronic records, documents, and materials, including those used to facilitate communication.
4. "Hidden," erased, compressed, password-protected, or encrypted files.
5. Various file "directories" and the individual files they contain, recently deleted data; scanning storage area for deliberately hidden files.